ALBANY,
August, 1811.

FRARY
v.
DAKIN.

Motion denied.

FRARY <i>against</i> DAKIN.

RODMAN, for the defendant in error, moved that the plaintiff's attorney pay the costs on error, in the above cause, amounting to 164 dollars and 94 cents. He read an affidavit, stating, that a judgment had been obtained in the mayor's court of *Hudson*, in favour of *Dakin*, against *Frary*, for 341 dollars and 81 cents; and that before the judgment was rendered, the defendant below removed out of the state, into *Canada*, where he has since resided, and that the plaintiff's attorney afterwards brought the writ of error to this court, without the knowledge of the plaintiff, and the judgment below was affirmed by this court, and the plaintiff's attorney refuses to pay the costs in error.

*E. Williams*, contra, read an affidavit, stating that since the affirmance of the judgment, a suit had been brought against the special bail in the court below, and a judgment recovered for the amount of the original judgment, costs; nor does the case come within the meaning of the 14th rule of *January* term, 1799, as to filing security for costs.

Where a writ of error is brought to this court, on a judgment obtained in a court of commonpleas; and the judgment below is affirmed; the attorney of the plaintiff in error is not bound to pay the costs in error, on the ground that before the judgment was obtained in the court below, the plaintiff had removed out of the state, and his attorney had not filed any security for the costs. The bringing a writ of error is not the commencement of such a suit as would render the attorney responsible for the

ALBANY,
August, 1811.

Ross
v.
Lown.

with interest and costs in the suit below, which had been paid. That the writ of error was brought with the full knowledge and consent of the plaintiff, who resided in *Hudson*, when the suit was first commenced.

*Per Curiam.* This is not a case coming within the spirit of the 14th rule of *January* term, 1799, That rule contemplates a suit originating in this court. The plaintiff in error came to this court, not to enforce a demand, but to avoid a judgment which he supposed had been erroneously given in the court below. Although the bringing a writ of error is considered as a new action, yet it is not the *commencement* of such a suit as comes within the rule by which the attorney can be made responsible for the costs. It never has been supposed that in a case like this, a non-resident plaintiff was obliged to file a bond; and it is only when a bond ought to have been filed, that the attorney is answerable for the costs. If there had been an application to the court to stay the proceedings on the writ of error, it is probable the proceedings would have been stayed, until security for costs had been given. The motion is denied.