## STOUGHTON W. BURNETT *vs.* EDMUND SMITH.

to an action on a promissory note given in payment for goods, the defendant pleaded want of consideration, by reason of false representations of the payee concerning the value of the goods, and the plaintiff recovered judgment for a part only of the note. *Held*, that the defendant was barred of his action for the false representations.

Where the judge presiding at a trial erroneously rules that certain facts given in evidence by the defendant do not constitute a valid defence, the plaintiff cannot, on the hearing of the defendant's exceptions to this ruling, for the first time object that this defence was not open to the defendant under his answer.

ACTION OF TORT for false representations made by Smith upon the sale to Burnett of five shares of stock in a manufac-

turing corporation. Answer, a denial of the false representa-
tions, and of the plaintiff's having been thereby induced to
purchase the shares.

At the trial in the court of common pleas, it was admitted
that, for these shares, and for other property sold at the same
time, Burnett gave Smith his promissory note for $1,000 ; that
Smith brought a suit on the note, to which Burnett pleaded
want of consideration, and Smith obtained a verdict and judg-
ment for $418. Smith contended that the proceedings in that
suit were a bar to this action. But *Briggs*, J. ruled otherwise ;
the jury returned a verdict for the plaintiff for $1,125, and the
defendant alleged exceptions.

*C. P. Huntington & C. Delano*, for the defendant.

*W. Bowdoin & G. T. Davis*, for the plaintiff. The proceed-
ings in the former action are not conclusive against the plain-
tiff's claim. The damage sustained by the defendant may be
greater than the amount deducted from the note in the former
verdict, or even than the whole amount of the note. 1 Greenl.
Ev. § 531. Chit. Con. (8th Amer. ed.) 682. 3 Chit. Pl. (11th
Amer. ed.) 929, *note*. *Howard* v. *Mitchell*, 14 Mass. 241. *Adams*
v. *Barnes*, 17 Mass. 365.

This objection is not open to the defendant, upon the plead-
ings in this case. *St.* 1852, *c.* 312, § 18. 3 Chit. Pl. 929, *note*.
1 Chit. Pl. 506. 1 Greenl. Ev. § 524. 1 Stark. Ev. (4th Amer.
ed.) 214, 215. *Brown* v. *Wilde*, 12 Johns. 455.

DEWEY, J. , Under the decisions of this court in *Harrington* v.
*Stratton*, 22 Pick. 510, and in subsequent cases confirming the
same principles, it was entirely competent for the plaintiff to
avail himself of the false representations and fraud of the de-
fendant, now made the foundation of this action, in reduction
of damages in the action on the note given for these shares.
*Perley* v. *Balch*, 23 Pick. 283. *Mixer* v. *Coburn*, 11 Met. 561.
*Westcott* v. *Nims*, 4 Cush. 215. *Cook* v. *Castner*, 9 Cush. 277.
This course the plaintiff did in fact adopt, and did procure
thereby a large reduction from the amount of the note. The
further inquiry is whether, having done so, he can now resort to
his action to recover further damages for such false representa-
tions.

It was certainly open to the plaintiff, originally, to have re-sorted to his action to recover damages for the deceit and false representations alleged in this declaration. It was, before the case of *Harrington* v. *Stratton*, above cited, certainly question-able whether that was not the only mode to obtain redress in such a case. Looking at the course of reasoning upon which that case was decided, it will be found to have been to avoid cir-cuity of action, or in other words to prevent compelling the party to resort to a cross action to recover his damages. That was deemed to be imposing an unnecessary hardship upon him, inas-much as the same facts might, without violating any legal prin-ciple, be permitted to be shown on the trial of the action on the note or contract, as impeaching its consideration, in whole or in part. Such being the case, it leaves a right of election, as to the remedy, in the party upon whom the fraud has been prac-tised ; but having made such election, and proceeded to trial, availing himself of such matter in defence, he has waived his right to a cross action therefor. This seems to be entirely rea-sonable, and is only giving proper effect to the judgment in the former case. *Jones* v. *Scriven*, 8 Johns. 353.

This principle of waiver of right to an action is familiarly applied in cases of tortious taking of personal chattels, when the same have been sold and the avails come to the use of the tort-feasor. The party claiming the property has the election either to sue in trover or to institute his action for money had and received, but in case of a resort to one of the remedies, and a failure to recover at all upon the merits of the case, or a recovery of inadequate damages, he is then precluded from resorting to another action, though of a different species, to recover damages for the same injury. The evidence upon which the case of the party is to be sustained is competent in either form of action, and, once offered, the verdict thereon is conclusive.

It was objected at the argument, to this ground of defence, that it was not open to the defendant, not having been set forth in the answer, as a substantive fact intended to be relied upon in avoidance of the action, as is required by *St.* 1852, *c.* 312, § 18. But this objection to this defence, however it might have

availed at the trial of the case before the jury, was not then taken, but the question was submitted to the court, and ruled upon, as properly open upon the pleadings. We think the plaintiff should have taken the objection at the trial, thus giving the other party the opportunity of asking leave to amend his answer upon showing reasonable ground therefor. The ground actually taken was that the proceedings in the former trial would not preclude maintaining the present action, and the court so ruled, and to that ruling the defendant filed his exceptions.

*Exceptions sustained.*